UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-cv-21453-BLOOM/Louis**

METSCHLAW, P.A. and
LAWRENCE R. METSCH,

    Plaintiffs,

v.

MAGIC BURGERS, LLC, et al.,

    Defendants.
_____/

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On April 16, 2019, Plaintiffs Metschlaw, P.A. and Lawrence R. Metsch filed a complaint against Defendants Magic Burgers, LLC, Sun Steaks, LLC, Pop Florida Properties, LLC, and Florida Pop, LLC. ("Defendants"). ECF No. [1] ("Complaint"). For the reasons set forth below, the Court lacks subject matter jurisdiction and dismisses the Complaint.

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and

Case No. 19-cv-21453-BLOOM/Louis

citations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Federal Rule of Civil Procedure 8(a)(1) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction." "A district Court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotations and citation omitted). In the Complaint, Plaintiffs alleges that "[s]ubject-matter jurisdiction of this civil action exists by virtue of 28 U.S.C. § 1332, diversity of citizenship." ECF No. [1] ¶ 1.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Here, according to the Complaint, Plaintiff Metschlaw is a Florida professional services corporation with its principal place of business located in Florida and Plaintiff Lawrence R. Metsch is a citizen of the State of Florida. ECF No. [1] ¶¶ 2-3. Additionally, Defendant Sun Steaks, LLC is a Florida limited liability company. *Id.* ¶ 5. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed a citizen of every State … by which it has been incorporated…" Thus, the Complaint fails to allege complete diversity. Nor does the Complaint allege a federal claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**;
2. All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;
3. The Clerk of Court is directed to **CLOSE** this case.

Case No. 19-cv-21453-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 17, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record