**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-21453-BLOOM/Louis**

METSCHLAW, P.A. and
LAWRENCE R. METSCH,

     Plaintiffs,

v.

MAGIC BURGERS, LLC, et al.,

     Defendants.

_____/

**<u>ORDER ON MOTION FOR RECONSIDERATION</u>**

**THIS CAUSE** is before the Court upon Plaintiffs Metschlaw, P.A. and Lawrence R. Metsch's ("Plaintiffs") Motion for Reconsideration, ECF No. [5] ("Motion"), filed on April 17, 2019. The Court has reviewed the Motion, the record, and is otherwise fully advised in the premises. For the reasons stated below, the Motion is granted.

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to

correct clear error or prevent manifest injustice.  *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008).  Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).

Here, Plaintiff alleges that Defendant Sun Steaks, LLC is a Florida limited liability company whose owner is a citizen of Dallas, Texas. The Eleventh Circuit held in *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.* that for the purpose of determining citizenship of a limited liability company, it is a citizen of any state of which a member of the company is a citizen. 374 F.3d 1020, 1022 (11th Cir. 2004).  Thus, Defendant Sun Steaks, LLC is a citizen of Texas and not Florida.  Plaintiff has sufficiently alleged complete diversity and it was improper to dismiss this case for lack of subject matter jurisdiction.  Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration, **ECF No. [5]**, is **GRANTED.**

2. The Clerk of Court is directed to **REOPEN** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 18, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 19-cv-21453-BLOOM/Louis

Copies to:

Counsel of Record