## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-21453-BLOOM/Louis

METSCHLAW, P.A. and
LAWRENCE R. METSCH,

      Plaintiffs,

v.

MAGIC BURGERS, LLC, et al.,

      Defendants.

_____/

### ORDER

      **THIS CAUSE** is before the Court upon Defendants Magic Burgers, LLC ("Magic Burgers"), Sun Steaks, LLC ("Sun Steaks"), Pop Florida Properties, LLC ("Pop Florida Properties"), and Florida Pop, LLC's ("Florida Pop") (collectively, the "Defendants") Motion to Dismiss First Amended Complaint, or Alternatively Motion to Stay,  ECF No. [23] (the "Motion"), filed on July 2, 2019.  Plaintiffs Metschlaw, P.A. and Lawrence R. Metsch ("Plaintiffs") filed a response, ECF No. [24], to which Defendants filed a reply, ECF No. [26].  The Court has carefully considered the Motion, all opposing and supporting filings, the record in this case and the applicable law, and is otherwise fully advised.  For the reasons set forth below, the Motion is granted.

### I.      BACKGROUND

      This case involves a dispute over alleged unpaid legal fees. As alleged in the Amended Complaint, ECF No. [20], Plaintiff Lawrence Metsch is an attorney and the sole shareholder, officer, director and employee of Plaintiff Metschlaw, a Florida professional services corporation.

Plaintiffs allege that Defendants have failed to pay invoices dated January 4, 2019, January 27, 2019, and February 17, 2019 for professional services Plaintiffs provided to Defendants.

Plaintiffs bring claims under Florida Statutes, § 772.11, entitled "Civil Remedy for Theft or Exploitation" and for violation of Florida Statutes, § 825.103(1), entitled "Exploitation of an Elderly Person or Disabled Adult." According to the Amended Complaint, Plaintiff Lawrence Metsch was born on February 7, 1943, making him 76 years old. Plaintiff Metschlaw is a professional services corporation. Plaintiffs assert claims pursuant to § 772.11 and for violation of § 825.103(1) against each Defendant (Counts I, II, III, IV). Plaintiff also asserts claims for punitive damages against each Defendant (Counts V, VI, VII, VIII).

Prior to the commencement of this case, on February 19, 2019, Metschlaw filed an action against the same Defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. *See Metschlaw, P.A. v. Magic Burgers, LLC, et al.*, 19-5163-CA-01 (the "State Court Action"). In the State Court Action, Metschlaw brought breach of contract claims against the Defendants for the Defendants' nonpayment of the identical invoices at issue in the instant case. *Compare* ECF No. [20] at 13-62, *with* ECF No. [23-1] at 9-59.

In their Motion, Defendants seek dismissal of Plaintiffs' claims for failure to state a claim and for lack of subject matter jurisdiction because the claims do not meet the amount in controversy, or a stay under the *Colorado River* abstention doctrine.

## II.   LEGAL STANDARD

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them, and the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "And while abstention as a general matter is rare, *Colorado River* abstention is particularly rare, permissible in fewer

circumstances than are the other abstention doctrines." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013). "The principles of this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004) (quoting *Colorado River*, 424 U.S. at 817, and emphasizing that courts "may defer to a parallel state proceeding under 'limited' and 'exceptional' circumstances"); *see also Noonan S., Inc. v. Cty. of Volusia*, 841 F.2d 380, 383 (11th Cir. 1988) (cautioning that "dismissal of an action in deference to parallel state proceedings is an extraordinary step that should not be undertaken absent a danger of a serious waste of judicial resources").

"*Colorado River* addresses the circumstances in which federal courts should abstain from exercising their jurisdiction because a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). "To determine whether abstention is merited under *Colorado River*, a court must decide as a threshold matter whether there is a parallel state action—that is, 'one involving substantially the same parties and substantially the same issues.'" *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014) (quoting *Jackson-Platts*, 727 F.3d at 1140). The state and federal cases need not share identical parties and issues to be considered parallel for purposes of *Colorado River* abstention. *Ambrosia Coal*, 368 F.3d at 1329-30; *see also Sini*, 990 F. Supp. 2d at 1376; *O'Dell v. Doychak*, No. 606-cv-677-ORL-19KRS, 2006 WL 4509634, at *6 (M.D. Fla. Oct. 20, 2006) ("Parallel proceedings do not have to involve identical parties, issues and requests for relief."); *Hendricks v. Mortgage Elec. Registration Sys., Inc.*, No. 8:12-cv-2801-T-30TGW, 2013 WL 1279035, at *2 (M.D. Fla. Mar. 28, 2013) ("[I]f the abstention doctrine required identical parties in a federal and state case, only litigants bereft of imagination would ever face the possibility of an unwanted

abstention order, as virtually all cases could be framed to include additional issues or parties.") (quotation omitted).

Assuming satisfaction of that threshold issue, the Eleventh Circuit "has catalogued six factors that must be weighed in analyzing the permissibility of abstention, namely: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights." *Ambrosia Coal*, 368 F.3d at 1331. "[N]o one factor is necessarily determinative, ... [and] the factors must be considered flexibly and pragmatically, not as a 'mechanical checklist.'" *Ambrosia Coal*, 368 F.3d at 1332 (quoting *Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 16).

## III.     DISCUSSION

Defendants argue that the Court should decline to exercise subject matter jurisdiction over this case because the State Court Action is a parallel state-court proceeding and the application of the six *Colorado River* factors weigh in favor of abstention. Plaintiffs counter that "because this civil action is not a re-run of [the State Court Action], abstention would be inappropriate." Plaintiffs also contend that this action and the State Court Action are not parallel, citing to § 772.18, which provides:

> The application of one civil remedy under this chapter does not preclude the application of any other remedy, civil or criminal, under this chapter or any other provision of law. Civil remedies under this act are supplemental, and not mutually exclusive.

The Court agrees with Defendants and is unpersuaded by Plaintiffs' counterarguments. Plaintiffs have attempted to repackage the claims from the State Court Action in this federal court case. Plaintiffs have failed because, as explained

below, the State Court Action and the instant action are parallel proceedings and the *Colorado River* factors weigh in favor of staying these proceedings.

### A.  Parallel Proceedings

For there to be parallel proceedings under *Colorado River*, "[e]xact identity between parties and issues is not required." *Flowers v. Fulton Cty. Sch. Sys.*, 654 Fed. Appx. 396, 399 (11th Cir. 2016).  "Rather, federal and state actions may be 'inextricably intertwined' where they stem from the same conduct." *Baker v. Warner/Chappell Music, Inc.*, No. 14-22403-CIV, 2018 WL 1570360, at \*4 (S.D. Fla. Mar. 29, 2018), *aff'd*, 759 F. App'x 760 (11th Cir. 2018) (citing *Fed USA Franchising, Inc. v. Merille, Inc.*, No. 812CV02416SCBTGW, 2013 WL 12155944, at \*3) (M.D. Fla. Feb. 21, 2013)).

The parties and issues in the State Court Action and the instant case are sufficiently similar and interrelated to render the two cases parallel proceedings for purposes of the *Colorado River* analysis.  Simply put, the cases address the same issue — the alleged nonpayment by the same Defendants of the identical invoices for professional services.  The cases differ only superficially in that Lawrence Metsch is a Plaintiff in this action but not the State Court Action, and that Plaintiffs bring civil theft claims in this case but breach of contract claims in the State Court Action.[1]  Because the cases involve the same conduct, the Court concludes that they are inextricably intertwined and therefore parallel proceedings for the purpose of the *Colorado River* doctrine.

---

[1] Plaintiffs also brought claims for Punitive Damages in the instant case.  However, "punitive damages are not an independent cause of action. Rather, punitive damages are merely a remedy that must be asserted in conjunction with a substantive claim." *Philip Morris USA, Inc. v. Hallgren*, 124 So.3d 350, 355 (Fla. 2d DCA 2013); *accord Larkins v. The Bank*, 2005 WL 1278877, at \*2 (N.D. Fla. May 10, 2005) ("'claim' for punitive damages is not a cause of action, but is a part of the prayer for relief"); *see also Branche v. Airtran Airways, Inc.*, 314 F. Supp. 2d 1194, 1196 (M.D. Fla. 2004) ("Florida Statutes Section 768.72 does not create a substantive right to punitive damages for any cause of action.  Instead, Section 768.72 places additional procedural and evidentiary limitations on claims for punitive damages.").

Case No. 19-cv-21453-BLOOM/Louis

The Court notes that Plaintiffs did not dispute that this action and the State Court Action are substantially similar but contended that this case is not a "re-run" of the State Court Action, quoting Florida Statutes, § 772.18.  Plaintiffs have failed to provide any caselaw or offer any argument as to how § 772.18 precludes a finding that the cases are parallel proceedings.  That provision allows for multiple civil or criminal *remedies* for claims brought under Chapter 772, entitled "Civil Remedies for Criminal Practices."  It does not, however, provide a basis for a plaintiff to bring multiple causes of action based on the same underlying facts.  To the contrary, under Florida law, Plaintiffs are precluded from bringing an action in tort "where the facts surrounding a breach of contract action are indistinguishable from an alleged tort, and where the alleged tort does not cause harm distinct from that caused by the breach of contract…"  *Serina v. Albertson's, Inc.,* 744 F.Supp. 1113, 1117–18 (M.D. Fla. 1990); *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996) (an independent tort "requires proof of facts separate and distinct from the breach of contract.")

In this action, Plaintiff brings tort claims based on facts that are indistinguishable from the breach of contract claims in the State Court Action.  The Court's determination that the State Court Action and the instant action are parallel proceedings is unaffected by § 772.18.

**B.  *Colorado River* Factors**

**1.  Jurisdiction Over Property**

The first *Colorado River* factor asks if one court assumed jurisdiction over property before the other court.  Where "there is no real property at issue," this factor does not favor abstention.  *Jackson–Platts,* 727 F.3d at 1141 (quoting *Maharaj v. Sec'y for Dep't of Corr.,* 432 F.3d 1292, 1306 (11th Cir. 2005) (first factor is unhelpful when there is no real property at issue).  Because this is not an *in rem* proceeding, this factor cannot favor abstention.

6

### 2.  Inconvenience of the Federal Forum

"When the federal and state courts are located in the same geographical area, courts routinely deem this factor to be neutral." *Rambaran v. Park Square Enter., Inc.,* 2008 WL 4371356, at *4 (M.D. Fla. Sep. 22, 2008).  Where "the federal forum and the state forum are equally convenient[,] this factor ... cuts against abstention." *Jackson–Platts,* 727 F.3d at 1141 (courts were in same geographic area).  Because the federal forum and state forum are located in the same city, this factor does not favor abstention.

### 3.  Potential for Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Hendricks,* 2013 WL 1279035 at *4 (quoting *R.R. St. & Co. v. Transp. Ins. Co.,* 656 F.3d 966, 979 (9th Cir. 2011)).  Permitting the litigation of this issue in two fora will result in piecemeal litigation. In the State Court Action, Defendants asserted counterclaims and affirmative defenses arising from Plaintiffs' alleged legal malpractice.  In the instant case, to the extent unpaid legal fees could serve as a basis for claims of elder exploitation, such claims turn on whether Plaintiffs are entitled, in the first instance, to recover any purported legal fees.  To make that determination, the Court will need to analyze whether Plaintiffs' alleged malpractice can serve as a bar to recovery of the unpaid legal fees.  If the State Court Action and this action were to proceed together, both Courts would need to consider the same issue. There is a distinct danger of piecemeal litigation and the potential for inconsistent rulings if both the state and federal actions were permitted to proceed. As such, this factor weighs in favor of abstention.

### 4.  Order in Which the Fora Obtained Jurisdiction

This factor asks which forum acquired jurisdiction first.  "What matters is not so much the 'chronological order in which the parties initiated the concurrent proceedings, but the

progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier.'" *Jackson–Platts*, 727 F.3d at 1142 (quoting *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1295 (11th Cir.1998)).  "Progress" in this sense refers to, for example, the extent of discovery and engagement in substantive motions.  *See Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir. 1990).

The State Court Action was filed before the instant action and has progressed further.  In the State Court Action, Defendants have asserted counterclaims, the court has heard and ruled upon motions to dismiss, and the case is scheduled for trial in September of 2019.  This factor weighs in favor of abstention.

### 5.  Application of State Law

The fifth factor asks whether federal law or state law provides the rule of decision.  "But this factor favors abstention only where the applicable state law is particularly complex or best left for state courts to resolve."  *Jackson–Platts,* 727 F.3d at 1143; *see Am. Bankers,* 891 F.2d at 886 (determining that this factor did not favor dismissal where the action "d[id] not ... involve complex questions of state law that would best be resolved by a state court"); *Noonan S., Inc. v. Volusia Cty.*, 841 F.2d 380, 382 (11th Cir. 1988) (despite the fact that all claims at issue were governed by Florida law, this factor did not favor abstention because the case "d[id] not involve complex questions of state law that a state court might be best suited to resolve").  While the issues of an alleged breach of contract and alleged legal malpractice are uniquely state law issues, nothing suggests that the issues here raise any complex or unique questions of state law best reserved for decision by a state court.  This factor does not favor abstention.

### 6.  Adequacy of the Fora to Protect the Parties' Rights

The final factor considers the adequacy of the respective fora to protect the parties' rights.  "The fact that both forums are adequate to protect the parties' rights merely renders this

factor neutral on the question of whether the federal action should be dismissed.  This factor will only weigh in favor or against dismissal when one of the forums is inadequate to protect a party's rights." *Noonan S.,* 841 F.2d at 383.  No one has suggested that either court would be unable to protect the parties' respective rights, thus this factor is neutral.

Having conducted a careful balancing of the important factors as they apply in this case, with the balance weighted in favor of abstention, the Court concludes abstention is proper as to Metschlaw's claims in the State Court Action.  Accordingly, Plaintiffs' claims in this case are barred by the *Colorado River* Doctrine.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** follows:

1.   The Motion, **ECF No. [23]**, is **GRANTED in part and DENIED in part**.

2.   The case shall not be dismissed at this time. Rather, the action is **STAYED** pending the final resolution of the State Court Action, *Metschlaw, P.A. v. Magic Burgers, LLC, et al.*, 19-5163-CA-01.

3.   The Clerk of Court shall **CLOSE** this case for administrative purposes only.

4.   To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 24, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record